UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GARY MARTIN                                                                          PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:06CV536-DPJ-JCS

HOMESITE GROUP, INC.                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This insurance coverage dispute is before the Court on the motion of Defendant Homesite

Group, Inc. for summary judgment [120] pursuant to Federal Rule of Civil Procedure 56.

Plaintiff Gary Martin has responded in opposition.  The Court, having considered the memoranda

and submissions of the parties, along with the pertinent authorities, concludes that Defendant's

motion should be granted in part and denied in part, as set forth herein.

**I.      Facts/Procedural History**

Plaintiff's home in Edwards, Mississippi, sustained damage on August 29, 2005, due to

winds driven by Hurricane Katrina.  Plaintiff submitted a claim to Homesite, his homeowner's

insurance carrier, which dispatched an adjuster from Crawford and Company to inspect the

damage.  The adjuster observed hurricane-related wind damage to the porch and also noted that

the decking between the rafters of the roof was sagging.  PIC, Inc., an engineering firm,

performed a follow-up inspection and then issued a report that confirmed the covered damage to

the porch but concluded that the sagging decking was caused by oversized gaps between the

roof's rafters, rather than "the recent wind event."  Significantly, PIC, Inc.'s onsite inspector,

who is not a licensed engineer, conducted a visual inspection of the sagging roof, but not the

actual rafters, and concluded that the gaps between the rafters were two feet apart and therefore

defective.  The inspector never measured the actual gaps, which Plaintiff contends were only

sixteen inches.  Homesite, relying on a construction defect exclusion in its policy, denied

coverage as to the roof, but paid Plaintiff for the damage to the porch.

Plaintiff filed suit against Homesite in the Circuit Court of Hinds County, Mississippi,

and Defendant removed the case to this Court on September 28, 2006.  Defendant then moved

for summary judgment as to all eight counts of Plaintiff's Amended Complaint, the following

five of which remain contested:  1) negligence/gross negligence/reckless disregard for rights of

Plaintiff; 2) breach of contract; 3) breach of duty of good faith and fair dealing; 4) bad faith and

tortious breach of contract; and 5) waiver and estoppel.

## II.     Analysis

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure

when evidence reveals no genuine dispute regarding any material fact and that the moving party

is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a sufficient

showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record it believes

demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party

must then go beyond the pleadings and designate "specific facts showing that there is a genuine

issue for trial."  *Id*. at 324.  In reviewing the evidence, factual controversies are to be resolved in

favor of the nonmovant, "but only when . . . both parties have submitted evidence of

contradictory facts."  *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

When such contradictory facts exist, the court may "not make credibility determinations or weigh

the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

      A.      Negligence/Gross Negligence/Reckless Disregard; Breach of Contract;
                and Breach of the Duty of Good Faith and Fair Dealing

Homesite, relying on PIC, Inc.'s conclusion that the rafters were two feet apart and

therefore defective, denied the claim with respect to the roof.  It cited the following policy

exclusion:

> SECTION I – EXCLUSIONS
> 2.  We do not insure for loss to property described in Coverages A and B caused
> by any of the following.  However, any ensuing loss to property described in
> Coverages A and B not excluded or excepted in this policy is covered.
> . . .
> c.  Faulty, inadequate or defective
> . . .
> (2) Design specifications, workmanship, repair, construction, renovation,
> remodeling, grading, compaction;

Whether the rafters were defectively constructed and therefore implicate this exclusion

presents a question of fact for the jury.  Plaintiff submitted competent record evidence

challenging the adequacy of Homesite's investigation and the qualifications of those who

inspected the property and rendered opinions.  Moreover, Plaintiff offers evidence that the rafters

were not spaced two feet apart, as PIC, Inc. concluded without measurement, but that they were

spaced sixteen inches apart and in compliance with applicable building codes.  Finally, the

parties present conflicting expert testimony as to the cause of the damage to the roof.  As such,

the Court finds, with one caveat discussed below, that genuine issues of material fact exist which

preclude summary judgment on Plaintiff's claims for negligence/gross negligence/reckless

disregard (Count One), breach of contract (Count Two), and breach of the duty of good faith and

fair dealing (Count Three).  A jury trial is appropriate on these issues.[1]

Although Defendant's motion is generally denied with respect to Count One, to the extent

Plaintiff alleges that Homesite acted negligently in hiring Crawford and Company to adjust the

claim and PIC, Inc. to serve as the engineering firm, such claims are due to be dismissed.

Plaintiff has presented no proof that Homesite knew or should have known of any alleged

incompetence on the part of the adjuster or PIC, Inc. when they were hired.  *See Doe ex rel.*

*Brown v. Pontotoc County Sch. Dist.*, 957 So. 2d 410, 417 (Miss. Ct. App. 2007) ("A plaintiff

must prove the defendant had either actual or constructive knowledge of an employee's

incompetence or unfitness before the employer will become liable for the negligent hiring.");

*Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 86 (Miss. Ct. App. 2004) (accord).

B.      Bad Faith

Defendant also seeks summary judgment as to Plaintiff's claims of bad faith and tortious

breach of contract (Count Four) on grounds that it had an arguable basis to deny the claim.

Accordingly, Homesite seeks a ruling that Martin is not entitled to extra-contractual or punitive

damages.  Under Mississippi law, "[i]f there is a finding that there was a reasonable arguable

basis to deny the claim then the [plaintiff] is not entitled to have the jury consider any bad faith

award against the insurance company." *United Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 634

(Miss. 2007) (citing *Windmon v. Marshall*, 926 So. 2d 867, 872 (Miss. 2006); *Murphree v. Fed.*

---

[1]Defendant argues that summary judgment is nevertheless appropriate because Plaintiff's damages are speculative.  While damages are an essential element, and Defendant correctly observes that Plaintiff failed to adequately authenticate his proof on the cost of repair, the Court finds that Plaintiff has submitted proof of other damages sufficient to survive summary judgment.  *See, e.g.*, *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 295 (Miss. 1992) (noting foreseeable damages from denials of coverage).

*Ins. Co.*, 707 So. 2d 523, 529 (Miss. 1997)).  However, the question of whether Homesite acted

reasonably in adjusting Plaintiff's claim is a fact-intensive inquiry.  Based on the record at this

time, and considering the evidence in the light most favorable to Plaintiff, the Court is unwilling

to rule that Homesite had an arguable basis for denying the claim as a matter of law.  That said,

Plaintiff caries a heavy burden of proof on this issue.  Following the presentation of evidence at

trial, the Court will have the opportunity to re-evaluate the propriety of extra-contractual and

punitive damages.

     C.    <u>Waiver</u>

Count Five of Plaintiff's Complaint, titled "Waiver and Estoppel," is due to be dismissed

for lack of standing.  If the Court understands Plaintiff's response to this portion of Defendant's

motion, Plaintiff pled Count Five to prevent Homesite from returning to the property to

reinvestigate the loss, because Plaintiff fears that Defendant might then pay the disputed claim to

avoid bad faith or find further evidence to support a denial.  Whether Defendant is entitled to

inspect the property is a discovery dispute.  What Defendant might do with such information

once it is obtained has not yet occurred, and this claim does not, therefore, present a case or

controversy pursuant to Article III of the United States Constitution.  U.S. CONST. Art. III, § 2.

"The court must consider the standing of any party even if the issue has not been raised by the

parties to the action."  *United States v. One 18th Century Colombian Monstrance*, 797 F.2d

1370, 1374 (5th Cir. 1986).  This claim is merely anticipatory and is due to be dismissed.

     D.    <u>Plaintiff's Motion to Strike</u>

Finally, Plaintiff filed a Motion to Strike [122] the affidavit of Brendon Voss because it

had not been signed or notarized when originally filed.  Defendant submitted the signed,

notarized version of the affidavit the following day.  While the affidavit was one day late, the

Court denies Plaintiff's Motion to Strike in the interest of justice.

## III.    Conclusion

In sum, the Court finds that Defendant's motion should be granted as to Counts Five, Six,

Seven, and Eight; granted as to the negligent hire claim in Count One; denied as to the remaining

claims found in Count One; and denied as to Counts Two, Three, and Four.  Plaintiff's motion to

strike is denied.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE